**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**YOUNGSTOWN, OHIO**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-40366 |
| | ) | |
| Bradford & Annette Montgomery | ) | JUDGE KAY WOODS |
| | ) | |
| Debtors | ) | CHAPTER 12 |

## PLAN OF REORGANIZATION

Now come Bradford and Annette Montgomery, Debtors, and hereby submit the following as their Plan of Reorganization pursuant to Chapter 12 of the Bankruptcy Code.

## ARTICLE I
## DEFINITIONS

As used in this Plan, the following terms shall have the respective meanings specified below:

"Administrative Claims" shall mean claims and expenses that are entitled to priority pursuant to Section 503(b) of the Bankruptcy Code.

"Allowed Claim" shall mean any claim, proof of which was filed on or before the date designed by the Bankruptcy Court as the last day for filing proofs of claim with respect to such Claim, or which has been or hereafter is scheduled by the Debtors as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which: (i) no objection to the allowance thereof has been filed within the applicable period of limitation fixed by the Bankruptcy Court, Bankruptcy Rules, or (ii) an order of the Bankruptcy Court, as to which any objection has been determined by an order or judgment of the Bankruptcy Court, allowing such Claim in whole or in part that is no longer subject to appeal or certiorari proceeding, and as to which no appeal or certiorari proceeding is pending.

"Bankruptcy Case" shall mean the above-styled case commenced by Debtors on February 24, 2012 by the filing of its voluntary petition for relief under Chapter 12 of the Bankruptcy Code.

"Bankruptcy Code" shall mean Title 11 of the United States Code, 11 USC § 101, et seq.

"Bankruptcy Court" shall mean the court in the Northern District of Ohio conferred with authority over the Debtors' Chapter 12 case or the court so authorized with respect to any proceedings in connection therewith for the purpose of such proceedings.

"Bankruptcy Rules" shall mean the Rules of the Bankruptcy Procedure, or such similar rules as may be in effect from time to time in the Bankruptcy Court.

"Bar Date" shall mean the last date for filing claims in connection with this Bankruptcy Case.

"Cash" shall mean cash, cash equivalents and other readily-marketable securities or instruments.

"Claim" shall mean any claim against the Debtors as defined in the Bankruptcy Code which has not been disallowed by an order of the Bankruptcy Court or for which an order of disallowance of the Bankruptcy Court has been reversed on appeal by an order of an Appellate Court which is not itself subject to further appeal or certiorari proceedings.

"Confirmation Date" shall mean the date on which the Confirmation Order is entered.

"Confirmation Order" shall mean the order entered by the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 12 of the Bankruptcy Code.

"Creditor" shall mean any individual, corporation, partnership, limited liability company, joint venture, trust, estate, unincorporated organization, unincorporated association, governmental entity or political subdivision (or any agency thereof), or any other entity asserting a Claim against Debtor.

"Debtors" shall mean the above captioned parties, namely Bradford and Annette Montgomery.

"Farm Programs" shall mean any program or plan under which Debtors are eligible to receive benefits, including but not limited to subsidy, price support, loan, insurance or other payments, arising from or relating to its farming operations offered by a federal, state or local governmental entity or political subdivision thereof (or any agency thereof).

"Plan" shall mean this Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

"Priority Claim" shall mean any Claim entitled to priority treatment under Section 507(a) of the Bankruptcy Code.

"Secured Claim" shall mean a Claim secured by a valid, enforceable and perfected lien on and/or security interest in property of debtor to the extent of the value of said property as determined pursuant to Section 506 of the Bankruptcy Code or as otherwise agreed in writing by Debtor and the holder of such Secured Claim.

"Trustee" shall mean Andrew W. Suhar, Esq., the duly qualified and acting Chapter 12 trustee in Debtors' Bankruptcy Case.

"Unsecured Creditor" shall mean a Creditor holding a Claim for an unsecured debt, liability, demand or claims of any nature.

## ARTICLE II
## CLASSIFICATION OF CLAIMS

Class 1: Administrative Claims including but not limited to administrative claims of Trustee, attorney fees as allowed by the Bankruptcy Code and and/or fees pursuant to Section 503(b) and Section 507(a) of the Bankruptcy Code.

Class 2: Priority and Secured Claims of the Internal Revenue Service and State of Ohio.

Class 3: Secured Claim of Farmers National Bank.

Class 4: Secured Claim of Linda J. McMichael

Class 5: Secured Claim of SN Servicing.

Class 6: Secured Claim of Judgment Lien Holders.

Class 7: Claim of Chase Bank

Class 8: General Unsecured Claim

## ARTICLE III
## SOURCE OF FUNDS FOR SATISFYING CLAIMS

The funds available for payment to all Creditors and for the payment of all costs and expenses of administration as provided for under the Plan are expected to be available from the future earnings and income from Debtors' farm operation from and after a date that is five (5) years from the Petition Date or the Confirmation Date. In addition, Debtors own approximately 440 acres of mineral rights in Portage and Mahoning County in addition to the real estate they own. Prior to the Petition Date, the

3

Debtors entered into an Oil and Gas lease with Chesapeake for the Mahoning County Mineral Rights but were not paid when Chesapeake discovered a title defect. The Debtors have or will file a Motion to Employ Attorney Jeffery Kurz to resolve the title issues. Debtors anticipate receiving monies for oil and gas lease signing bonuses and royalties. If Debtors are unable provide clean title to receive the oil and gas signing bonus then Debtors shall sell a portion of their mineral rights to property already subject to Gas and Oil Leases to fund this plan.

## ARTICLE IV
## TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

**Class 1: Administrative claims, including the Claims of Trustee and of any of Debtors' professionals as allowed by the Bankruptcy Court.**

Debtors will pay the holder of each Class I Claim in Cash in the amount of one hundred percent (100%) (without interest) of each Allowed Claim.

Trustee shall be entitled to compensation under the Plan, based on the payments provided herein, pursuant to the applicable provisions of and guidelines established under the Bankruptcy Code, the Bankruptcy Rules, the Office of the United States Trustee and the Bankruptcy Court. Trustee's fees will be paid as incurred and contemporaneously with all payments made by Trustee under the Plan.

Upon a duly proved and allowed application for compensation, counselor or other professionals for Debtors shall be entitled to be paid directly by Trustee all such fees and expenses allowed pursuant to Section 327 of the Bankruptcy Code from the first funds available or as otherwise agreed by the holder of any such Claim.

**Class 2: Priority Unsecured Claims of the Internal Revenue Service and State of Ohio.**

All Priority Claims shall be paid in full in Cash from the first funds available unless the holder of a Priority Claim agrees to a different treatment. The Internal Revenue Service has filed a proof of claim asserting a Priority Claim in the amount of $2,786.00 and a secured claim in the amount of $6,375.20. This Claim is based on Debtors' past federal income tax.

The Ohio Department of Taxation has a priority tax claim in an amount to be determined. The claim is based on past state income tax. The allowed amount of the Priority Claims will be determined and paid in accordance herewith.

The IRS and the State of Ohio have liens upon the Debtors' real estate for unpaid taxes. The IRS and State of Ohio shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights.

4

**Class 3: Claim of Farmers National Bank.**

The value of the real estate which secures Farmers National Bank exceeds the amount of Farmers Claim. Farmers shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights.

Upon completion of payments proposed by this plan, the lien and security interest for Farmers National Bank in all property owned by Debtors or in which Debtors have an interest shall be deemed satisfied and released.

**Class 4: Secured Claim of Linda McMichael.**

Linda McMichael's claim is for a security interest in real estate owned by the Debtors for work completed at the Debtors' farm. The value of the real estate which secures Linda McMichael's claim exceeds the amount of McMichael's Claim. Upon the verification of the validity of the claim, McMichael's shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights.

Upon completion of payments proposed by this plan, the lien and security interest for Linda McMichael in all property owned by Debtors or in which Debtors have an interest shall be deemed satisfied and released.

**Class 5: Secured Claim of SN Servicing.**

It is the Debtors belief that SN Servicing is secured upon the Debtors' equipment. SN Servicing Corporation for SN Asset's claim was purchased from Key Bank. The value of the equipment which secures SN Servicing's claim exceeds the amount of SN Servicing's claim. SN Servicing shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights. If the bonus monies for the oil and gas leases are not received with in 180 days then the Debtors shall sell unneeded tillage equipment to liquidate this claim.

Upon completion of payments proposed by this plan, the lien and security interest for SN Servicing in all property owned by Debtors or in which Debtors have an interest shall be deemed satisfied and released.

**Class 6: Secured Claim of Judgment Lien Holders.**

Capital One Bank, Huntington National Bank and Midland Funding, LLC have multiple judgment liens upon the Debtors' real estate. The Debtors' judgment lien holders shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights.

**Class 7:  Claim of Chase Bank.**

Chase Bank has a mortgage lien upon the home of Bradford Montgomery's mother.  Mr. Montgomery owns one half of the home.  Chase Bank shall continue to be paid regular mortgage payments outside of this Plan.

**Class 8: General Unsecured Claims**

The Debtors general unsecured claims shall be paid in full upon the receipt of the signing bonus for their anticipated oil and gas lease and/or the sale of mineral rights.

## ARTICLE V
## MEANS OF EXECUTION: RETENTION OF LIENS

The Debtors shall operate and manage the assets of the Debtors, and shall make such payments and execute such notes and other documents as are required by or may otherwise be necessary to the satisfaction of the provisions of the Plan.  All Debtors' disposable income will be devoted to payments under the Plan.

All Secured Creditors will retain their valid liens during the pendency of the Plan.

Debtors shall fund the Plan by its operation and management of their assets and businesses. Debtors shall make such payments and execute such documents as required or necessary for the satisfaction of the provisions, requirements and obligations of the Plan. Debtors' future earnings and income shall be submitted to the supervision and control of Trustee as is necessary for the execution of and payments under the Plan. Unless otherwise indicated, Debtors shall make all payments in accordance with the provisions of the Plan directly to the Trustee for distribution and allocation in accordance with the Plan.

In addition to the payments pursuant to the Plan, Debtors also shall make a monthly payment to the Trustee in the amount of at least Two Hundred Fifty Dollars ($250.00) for distribution and allocation in accordance with the Plan on or before the fifteenth (15th) calendar day of each month, beginning with the month after the Confirmation Date.

Upon Confirmation of the Plan, all of Debtors' interests in property shall revest in Debtors pursuant to Section 1227(b) of the Bankruptcy Code and the automatic stay arising under Section 362 of the Bankruptcy Code shall remain in full force and effect, until further order of the Bankruptcy Court.

Confirmation of the Plan shall constitute any required Bankruptcy Court permission and authorization for Debtors to register for and participate in any and all Farm Programs for the current and subsequent crop years without further order of the Court. Nothing contained in the Confirmation Order shall impair the policies, procedures, regulations and contract provisions established with regard to any Farm Programs

benefits, including but not limited to determining the eligibility for program participation. Subject to the Confirmation Order or other Final Order of the Court, all Farm Program benefits payable to Debtors shall be disbursed in the ordinary course of business and in accordance with the terms of the Plan, without further order of the Court and without regard to liens and security interests.

After Confirmation, Debtors shall be entitled to seek such orders, judgments, injunctions and other rulings as it deems necessary to carry out the intentions and purpose, to give full effect to the provisions or to enforce any provision of the Plan.

Unless a statutory provision or rule of procedure arising under federal law (including the Bankruptcy Code and the Bankruptcy Rules) governs, the laws of the State of Ohio shall govern the construction and implementation of the Plan and any agreements, documents, and instrument executed in connection with the Plan.

Trustee, for good cause shown, may grant Debtors a period of up to forty-five (45) days in which to make any payment due to Trustee under the Plan; provided, however, Debtors shall be required to pay all applicable accrued interest, costs, expenses and Trustee's fee resulting from such late payment.

## ARTICLE VI
## FULL SATISFACTION

Payment of any Allowed Claim pursuant to and as provided for in this Plan shall constitute full settlement and satisfaction of said Claim against Debtors.

## ARTICLE VII
## RESERVATIONS

After Confirmation, Debtors shall retain and remain in possession of all claims, causes of action, cross-claims and/or counterclaims of any kind of nature against third parties -whether under the Bankruptcy Code or otherwise that existed before or which may have arisen after the Confirmation Date and which have not been determined or disposed of before the Confirmation Date, and Debtor shall be authorized to prosecute such actions as fully and completely as if the same were being prosecuted by a Trustee in Bankruptcy.

## ARTICLE VIII
## MODIFICATIONS

Debtors may propose amendments or modifications of this Plan at any time prior to Confirmation if the amendments or modifications comply with the requirements of Sections 1222 and 1223 of the Bankruptcy Code and, if required, upon leave of the

Bankruptcy Court. After Confirmation and to the fullest extent permitted by Section 1229 of the Bankruptcy Code, upon notice to each creditor with an unpaid Claim in Debtors' Bankruptcy Case and the approval of the Bankruptcy Court, Debtors may remedy any defect or omission, or reconcile any inconsistencies in the Plan, in such manner as may be necessary to carry out the purposes and effect of this Plan.

# ARTICLE IX
# RETENTION OF JURISDICTION

The Bankruptcy Court shall retain exclusive jurisdiction over these proceedings for the following purposes, inter alia:

A. To determine any and all objections to the allowance of Claims or Interests.
B. To determine any and all applications for allowance of compensation and reimbursements of expenses.
C. To determine any and all controversies and disputes arising under or in connection with the Plan and such other matters as may be provided for in the Confirmation Order.
D. To effectuate payments under the performance of the provisions of the Plan.
E. To determine any and all pending applications, adversary proceedings and contested matters.

# ARTICLE X
# EXECUTORY CONTRACTS

Any and all leases and executory contracts of the Debtors not expressly assumed by the Debtors pursuant to order of the Bankruptcy Court on or prior to the Confirmation Date, shall be deemed rejected and disaffirmed upon the entry of the Confirmation Order.

# ARTICLE XI
# RELEASES AND EXCEPTIONS

All rights of the Debtors to challenge any claim of any class are reserved. Nothing contained in this Plan shall be construed or restrict, alter or extinguish the rights of the Debtors to challenge any claim, be it administrative, unsecured or otherwise.

# ARTICLE XII
# MISCELLANEOUS

  Debtors may pre-pay any payments or installments under this Plan, without cost, fee, penalty or additional expenses.


                Respectfully submitted,


| /s/ Bradford Montgomery | /s/ Annette Montgomery |
|---|---|
| Bradford Montgomery | Annette Montgomery |


/s/ T. Robert Bricker
T. Robert Bricker

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Chapter 12 Plan was served electronically and/or mailed by Regular U.S. Mail, this 4th day of June, 2012, to:

Action Card
P.O. Box 105374
Atlanta, GA 30348-5374

Alliance Community Hospital
200 East State Street
Alliance, OH 44601

Alliance Medical Associates, Inc.
P.O. Box 2749
Alliance, OH 44601

American Tax Funding
c/o John Zomoida, Esq.
Town One Square
40 S. Main Street
Poland, OH 44514

Anesthesia Assoc. of Alliance
c/o Fidelity Collections
P.O. Box 2055
Alliance, OH 44601-0055

Applied Bank
4700 Exchange Course
Boca Raton, FL 33431-0966

Aspire
P.O. Box 105555
Atlanta, GA 30348

Asset Acceptance LLC
P.O. Box 1630
Warren, MI 48090-1630

Attorney Dennis R. Clunk
2040 S. Union Avenue
Alliance, OH 44601

Barrett, Easterday,
Cunningham & Eselgroth, LLP
7269 Sawmill Road
Dublin, OH 43016

Bonnie L Fields
c/o I.C. Systems Collections
P.O. Box 64378
Saint Paul, MN 55164-0378

BP Oil
P.O. Box 15298
Wilmington, DE 19850-5298

Capital One Bank
Bankruptcy Department
P.O. Box 85167
Richmond, VA 23285-5167

Capital One Bank (USA) NA
15000 Capital One Drive
Richmond, VA 23238

CBCS
P.O. Box 164089
Columbus, OH 43216-4089

Chase Home Finance
3415 Vision Drive
Columbus, OH 43219

Citibank (South Dakota), NA
701 East 60th Street North
Sioux Falls, SD 57117

Columbia Gas of Ohio
Revenue Recovery/Bankruptcy Dept.
200 Civic Center Drive
Columbus, OH 43215

Contract Callers Inc.
PO Box 212609
1058 Claussen Rd. 5
Augusta, GA 30917

Farmers National Bank
20 South Broad Street
P.O. Box 555
Canfield, OH 44406

Fidelity National Collections
220 East Main Street
P.O. Box 2055
Alliance, OH 44601-2423

Henderson, Covington, Messenger,
Newman & Thomas Co., L.P.A.
6 Federal Plaza Central, Ste. 1300
Youngstown, OH 44503

HSBC
P.O. Box 15521
Wilmington, DE 19850-5521

HSBC Bankruptcy Department
P.O. Box 5263
Carol Stream, IL 60197-5263

Huntington National Bank
c/o Attorney Timothy Hacking
1701 Mentor Avenue, Suite 11
Painesville, OH 44077

I.C. Systems Collections
P.O. Box 64378
Saint Paul, MN 55164-0378

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Linda J. McMichael
c/o Attorney Dennis R. Clunk
2040 S. Union Avenue
Alliance, OH 44601

LVNV Funding LLC
PO Box 10497
Greenville, SC 29603

Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA 92123

Midland Funding LLC
8875 Aero Drive
San Diego, CA 92123

Ohio Edison
76 S. Main St.
A-RPC
Akron, OH 44308-1890

Orchard Bank
HSBC Card Services
P.O. Box 81622
Salinas, CA 93912-0084

Orchard Bank
HSBC Card Services
PO Box 80084
Salinas, CA 93912-0084

Shell/Citibank SD
P.O. Box 6497
Sioux Falls, SD 57117-6497

SN Servicing
Dept. 1710
Denver, CO 80291

SN Servicing Group
323 Fifth Street
Eureka, CA 95501

SST/CIGPFI Corp.
4315 Pickett Road
Saint Joseph, MO 64503

State of Ohio Dept. of Taxation
150 East Gay Street, 21st Floor
Columbus, OH 43215

Thomas, Trattner & Maline, LLC
One South Main Street
2nd Floor
Akron, OH 44308

                                            /s/ T. Robert Bricker
                                  T. ROBERT BRICKER, LLC
                                  T. Robert Bricker (0072560)
                                  Attorney for Debtors